BARNEY E. BUCKLEY, Appellant, v. E. P. CARL, Respondent.

**Kansas City Court of Appeals, March 1, 1915.**

**BILLS AND NOTES: Failure of Consideration: Possession of Statement.** Where in an action on a promissory note the defense was a failure of consideration, and the holder contended that a certain written statement of benefits conferred upon the maker and services to be performed by him were the consideration; that this paper was left with the maker and kept by him for several months, it had a tendency to prove the holder's theory and it was error to exclude it from evidence.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

REVERSED AND REMANDED.

*Hall, Roberston & O'Bannon* and *E. White* for appellant.

(1) Where a person without fraud practiced upon him signs a contract, he is conclusively presumed to know its contents and to accept the terms thereof. Catterlin v. Lusk, 98 Mo. App. 182; Outcult Advertising Company v. Barnes, 176 Mo. App. 307; Poindexter v. McDowell, 110 Mo. App. 233; Home Insurance Co. v. Winn, 125 Mo. App. 384. (2) And the fact that the party signing the contract did not, or could not, read same, does not alter the rule. Manufacturing and

Importing Co. v. Carle, 116 Mo. App. 581; Banking Company v. Poplin, 129 Mo. App. 121. (3) The fact that defendant had possession of a copy of the contract binds him. General Fire Ex. Co. v. Mooresville Cotton Mills, 4 S. E. 942. (4) Possession is prima-facie evidence of delivery. Dodd v. Kemnitz, 104 N. W. 1069; Kaufman v. Baillie, 89 Pac. 548; Union Mills v. Harden et al., 84 N. E. 387, 390; Springfield v. Harris, 107 Mass. 532; Jenson v. Railroad, 34 N. W. 743, 744. (5) Whatever is sufficient to put a man on inquiry amounts to notice, that is when one has sufficient information to lead him to the knowledge of a fact, he shall be deemed to be cognizant of it. Roan v. Winn, 93 Mo. 503; Meier v. Blume, 80 Mo. 179; Barrett v. Davis, 104 Mo. 549; Stern Auction and Com. Co. v. Mason, 16 Mo. App. 473; Webb v. Ins. Co., 66 L. R. A. 632; Kilmer v. Hutton, 116 N. Y. S. 127; Coder v. McPherson, 152 Fed. 951; Smith v. Mount, 149 Mo. App. 668; Richmond v. Ashcraft, 137 Mo. App. 191.

*W. W. Blain* and *J. T. Montgomery* for respondent.

The court properly refused to direct the jury, at the close of all the evidence to find for the plaintiff, for the reason that there was ample evidence of failure of the consideration for which the note was given, to send the case to the jury. Smith v. Busby, 15 Mo. 388; Hacker v. Brown, 81 Mo. 68; Reed v. Nicholson, 37 Mo. App. 646; McCormick Harvesting Machine Co. v. Williams, 83 Mo. App. 275; Holmes v. Farris, 97 Mo. App. 305.

ELLISON, P. J.—Plaintiff's action was instituted on a promissory note for fifty dollars. The defense was failure of consideration and fraud in procuring it. The latter defense, the trial court found, was not sustaned. The judgment was for the defendant.

Defendant was a retail merchant in Sedalia and had a number of bad accounts against persons who had bought merchandise of him. Plaintiff's agent called upon him and solicited the collection of such accounts. Evidence in defendant's behalf tended to prove that he agreed to collect $200 of these within four months for fifty dollars. That he stated his mode of collection was to have the debtors pay the money direct to plaintiff; and that as plaintiff did not handle the money, defendant should execute a note to him for the fifty dollars, which he would return if the collections were not made as agreed.

On the other hand, plaintiff insists that the note was executed for certain benefits and privileges and three years services to be rendered by plaintiff as evidenced by the following paper signed by plaintiff and left with defendant.

"This certifies that E. P. Carl of Sedalia, Mo. has paid then Colonial Mercantile Agency ($50) for a three years' service from this date, entitling the holder hereof to participate in the benefits and privileges of the Agency, and the Colonial Mercantile Agency agrees to promptly and faithfully prosecute any and all claims listed with it for collection under the terms of this contract."

There were a great many provisions printed on the back of this and made a part thereof, which, for present purposes, need not be considered.

Defendant testified that he did not read this paper —that he supposed it was a paper inadvertently left by the agent and that he placed it with other of his (defendant's) papers in his "register," and that he never read it until called upon for payment of the note.

The paper was offered in evidence by plaintiff and excluded by the court. We think this was error. It had a tendency to prove plaintiff's insistence as to what was the consideration for the note. The jury

were not bound to believe defendant's statement as to what constituted the consideration, nor that he never knew what this paper was. The effect of excluding the paper was to cut out a circumstance reasonably tending to sustain plaintiff's theory.

The first instruction given for plaintiff and the one given for defendant, presented the issue properly to the jury. But, as presented in the record, the court rightly refused plaintiff's second and third instructions. We do not see that the question of negligence enters into the case. And so it seems to us, on the record presented, that the cases cited by plaintiff to the effect that, in fraud cases, it will be presumed one, in possession of his senses, read a contract before he signed it, is foreign to the issue of failure of consideration for this note.

The judgment is reversed and the cause remanded. All concur.